# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:07-CR-92-TLS |
| | ) | CIVIL CASE NO. 1:11-CV-131 |
| JOVAN MICHAEL BROOKSHIRE | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 90], filed on April 18, 2011, by Defendant Jovan Michael Brookshire, who is now proceeding *pro se*. On May 10, 2011, the Government filed its Response in Opposition to Pro Se Section 2255 Petition [ECF No. 93]. For the reasons set forth in this Opinion and Order, the Court denies the Defendant's Motion and declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

## BACKGROUND

On October 24, 2007, the Government filed an Indictment charging that the Defendant possessed with intent to distribute fifty grams or more of cocaine crack in violation of 21 U.S.C. § 841 (Count 1), possessed a firearm in furtherance of the drug trafficking crime charged in Count 1 in violation of 18 U.S.C. § 924(c)(1) (Count 2), and possessed a firearm after being convicted of a felony in violation of 18 U.S.C. § 922(g)(1) (Count 3). The charges stemmed from contraband that United States Marshals discovered when they executed a warrant for the Defendant's arrest on October 19, 2007. Believing that the Marshals violated the Fourth Amendment when they exceeded the scope of a protective sweep as contemplated by the Supreme Court in *Marlyand v. Buie*, 494 U.S. 325 (1990), the Defendant, through counsel

Robert Gevers, filed a motion to suppress the evidence seized during the search. The Defendant also argued that the consent he then gave to police to search the residence was tainted by the illegal protective sweep, and that the Court should suppress all items seized after his immediate arrest as well as any statements he made after his arrest. After conducting an evidentiary hearing and reviewing the parties' written briefs, the Court denied the Defendant's motion to suppress in a written Opinion and Order issued on January 8, 2009.

In April 2009, the Defendant requested that Attorney Gevers no longer represent him and that the Court appoint new counsel. The Court granted the Defendant's request and Attorney Patrick Arata was appointed to represent the Defendant. The Defendant moved to continue his trial date to give his new counsel adequate time to prepare for trial. He later requested a continuance to consider and respond to the Government's plea offer. On December 15, 2009, the Defendant and the Government filed a Plea Agreement in which the Defendant agreed to plead guilty to Counts 1 and 2 of the Indictment charging him with violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c) in exchange for the dismissal of Count 3, the felon in possession charge. (Plea Agr. ¶ 8(a) & 8(d), ECF No. 62.) The parties stipulated to the drug quantity and agreed that the Defendant would be sentenced to 120 months of imprisonment for Count 1. The agreed term of imprisonment was set forth as follows:

> I acknowledge that I was previously convicted of a prior felony drug offense and that the government could have filed an enhancement under 21 U.S.C. § 851 which would have increased my statutory mandatory minimum sentence on Count 1 to 20 years instead of 10 years. I also acknowledge that the advisory guideline range calculation may under-represents the severity of my offense in light of the potential effect of this enhancement. Therefore, I agree that I should receive an upward offense level adjustment or variance equal to the number of offense levels that are sufficient to contain a sentence of 120 months on Count 1. The government and I agree that I should be sentenced to a term of imprisonment of 120 months on Count 1. The above-mentioned agreement that I should receive a

2

> sentence of 120 months on Count 1 is a binding agreement pursuant to Rule
> 11(c)(1)(C). In [sic] understand that my sentence for Count 2, which carries a
> mandatory minimum sentence of 60 months imprisonment, will run consecutive
> to the term of imprisonment agreed to on Count 1.

(Plea Agreement ¶ 8(e), ECF No. 62.) The Plea Agreement contained the following waiver:

> I understand that the law gives a convicted person the right to appeal the
> conviction and the sentence imposed, I also understand that no one can predict the
> precise sentence that will be imposed, and that the Court has jurisdiction and
> authority to impose any sentence within the statutory maximum set for my offense
> as set forth in this Plea Agreement; with this understanding and in consideration
> of the government's entry into this Plea Agreement, I expressly waive my right to
> appeal or to contest my conviction and my sentence and any restitution order
> imposed or the manner in which my conviction or my sentence or the restitution
> order was determined or imposed, to any Court on any ground, including any
> claim of ineffective assistance of counsel unless the claimed ineffective assistance
> of counsel relates directly to this waiver or its negotiation, including any appeal
> under 18 U.S.C. § 3742 or any post-conviction proceeding, *including but not
> limited to, a proceeding under 28 U.S.C. § 2255*.

(Plea Agreement ¶ 8(g) (emphasis added).)

On January 29, 2010, the Court conducted a change of plea hearing and, finding that the Defendant was fully competent and capable of entering an informed plea, that he was aware of the charges and the consequences of the plea, and that the plea of guilty was a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses charged in Counts 1 and 2, the Court accepted the plea and adjudged the Defendant guilty of those offenses. On May 6, the Court sentenced the Defendant to 120 months of imprisonment for Count 1 and 60 months of imprisonment for Count 2 to be served consecutive to the term imposed for Count 1. On May 11, the Defendant filed his notice of appeal. The Government moved to dismiss the appeal based on the Defendant's waiver of appeal, and counsel for the Defendant agreed that the Defendant had waived his right to appeal. The Defendant responded to the motion to dismiss and to his attorney's submission, arguing that

his counsel provided ineffective assistance. On November 29, the Seventh Circuit granted the Government's motion to dismiss based on the appeal waiver contained in the Plea Agreement.

On April 18, 2011, the Defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. In his Motion, the Defendant complains that both Attorney Gevers and Attorney Arata provided ineffective assistance of counsel. He claims that Attorney Gevers provided ineffective assistance when he did not procure a conditional plea that would have reserved his right to appeal the denial of his motion to suppress because he had valid Fourth Amendment claims related to the search that led to the discovery of a gun. He also claims that Attorney Gevers erroneously advised the Defendant that he could not testify at the suppression hearing, and states that he would have testified to facts that were in direct contradiction to the testimony of the law enforcement officers. Also with respect to his motion to suppress, the Defendant argues that Attorney Gevers should have cited to authority from other circuits to address the meaning of "immediately adjoining" for the purposes of a protective sweep in a small house or apartment. The Defendant goes on in his Motion to explain why the protective sweep conducted by the Marshals exceeded the bounds of *Buie*.

Regarding Attorney Arata's assistance, the Defendant argues that it was ineffective because he did not follow the Defendant's instructions to procure a conditional plea in light of the Fourth Amendment violations that occurred in his case. The Defendant asks that this Court vacate his guilty plea and allow him to plead guilty to a conditional plea and enter a new judgment so that he can appeal the denial of his motion to suppress. The Defendant also claims that Attorney Arata rendered ineffective assistance with respect to sentencing. Specifically, he

asserts that Attorney Arata erroneously told the Defendant to say that the gun was to protect drugs so that he would benefit from a reduction for acceptance of responsibility despite that fact that he had a binding Plea Agreement, he allowed the Defendant to plead guilty to Counts 1 and 2 when a plea of guilty on Counts 1 and 3 would have resulted in a lower term of imprisonment, he failed to follow the Defendant's instructions to challenge the proximity of the gun to what was only a misdemeanor amount of marijuana, and he failed to request that the Court apply a one-to-one ratio of crack to powder cocaine.

On May 10, the Government responded to the Defendant's § 2255 Motion. The Government argues that the Defendant is not entitled to any collateral relief because he explicitly waived his right to collaterally attack his conviction or sentence.

## DISCUSSION

Section 2255 allows a person convicted of a federal crime to seek to vacate, set aside, or correct his sentence. This relief is available only in limited circumstances, such as where an error is of jurisdictional or constitutional magnitude, or where there has been an error of law that "constitutes a fundamental defect which results in a complete miscarriage of justice." *See Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). Motions to vacate a conviction or correct a sentence ask a court to grant an extraordinary remedy to a person who has already had an opportunity of full process. *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006).

A plea agreement is a type of contract subject to contract law principles tempered by limits that the Constitution places on the criminal process. *See United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005). Waivers, including those that waive the right to collaterally attack a

conviction or sentence, are enforceable as a general rule. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). An appellate waiver is enforced if its terms are "express and unambiguous," *see United States v. Woolley*, 123 F.3d 627, 632 (7th Cir. 1997), and if the record shows that the defendant "knowingly and voluntarily" entered into the agreement, *United States v. Jemison*, 237 F.3d 911, 917 (7th Cir. 2001) (quoting *Jones*, 167 F.3d at 1144). The Seventh Circuit has held that only two claims can be raised in a § 2255 motion by a defendant who has expressly and unambiguously waived his right to collaterally attack his conviction and sentence: (1) claims that the waiver was not knowingly and voluntarily made; or (2) claims that counsel was ineffective in negotiating the waiver. *Jones*, 167 F.3d at 1145 (stating that "we reiterate that waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the [plea agreement]"); *see also United States v. Rhodes*, 330 F.3d 949, 952 (7th Cir. 2003) (noting that a waiver does not deprive a defendant of the right to pursue a claim that the waiver was involuntarily made, was based on a constitutionally impermissible factor (such as race), or was made without the effective assistance of counsel); *United States v. Behrman*, 235 F.3d 1049, 1051–52 (7th Cir. 2000) (stating that all the terms of a plea agreement stand or fall together, and that only arguments that would nullify the plea itself survive voluntary waivers of appeal and collateral attack).

In Paragraph 8(g) of the Plea Agreement, the Defendant expressly waives his "right to appeal or to contest [his] conviction and [his] sentence . . . to any Court on any ground . . . including but not limited to, a proceeding under 28 U.S.C. § 2255." Because the waiver was express and unambiguous with respect to the filing of a § 2255 motion, the only claims to

survive this waiver are those that (1) the plea was not knowingly and voluntary made or (2) that counsel was ineffective in negotiating the waiver. The Defendant's claims do not fit within the first category as he does not claim that the Plea Agreement was not knowing and voluntary. The Defendant maintains that he desired a conditional plea in which he would have reserved his right to appeal the Court's denial of his pretrial motion to suppress, but nowhere does he indicate that he did not understand that his plea was not so conditioned or that he was otherwise coerced into entering the Plea Agreement. The Court next considers whether any of the claims that Attorney Gevers and Attorney Arata rendered ineffective assistance relate to the negotiation of the waiver.

None of the claims involving Attorney Gevers, whose representation of the Defendant ended almost eight months before he entered into a Plea Agreement with the Government, relate directly to the negotiation of the Plea Agreement. The Defendant's dissatisfaction with Attorney Gevers's assistance relates to the suppression hearing, claims that are foreclosed by the waiver. Likewise, most of the Defendant's claims related to Attorney Arata's representation have no relation to the negotiation of the Plea Agreement or the waiver and instead relate to his sentence. These claims are foreclosed by the express and unambiguous terms of the Plea Agreement. *See Bridgeman v. United States*, 229 F.3d 589, 593 (7th Cir. 2000) (stating that ineffective assistance of counsel claims that relate to anything other than the plea negotiation—for example those related to counsel's performance at sentencing—are barred by an enforceable waiver); *Mason v. United States,* 211 F.3d 1065, 1069 (7th Cir. 2000) (finding that because the defendant's ineffective assistance of counsel claim related only to counsel's performance with respect to sentencing, it had nothing to do with the issue of a deficient negotiation of the waiver and was barred by a waiver).

The only claim presented in the Defendant's Motion that relates to the negotiation of the waiver is the assertion that Attorney Arata should have negotiated a plea that reserved his right to appeal the Court's denial of his motion to suppress evidence. He argues that he "continuously kept telling [Attorney Arata] to seek a conditional plea so that [he could] reserve [his] rights to appeal the suppression hearing," and that he "literally begged Mr. Arata to obtain a Conditional Plea all the way up until [he] signed the binding plea, but [Attorney Arata] told [him] that there [was] no way that [the AUSA] would agree to a conditional plea." (Def.'s Mem. 11, ECF No. 91.)

To successfully establish an ineffective assistance of counsel claim, a defendant must provide evidence that his attorney's performance fell below an objective standard of reasonableness (the "performance" prong) and that the counsel's deficiencies prejudiced his defense (the "prejudice" prong). *Strickland v. Washington*, 466 U.S. 668, 688–92 (1984); *see also Bridgeman*, 229 F.3d at 592 (ruling that "to demonstrate prejudice arising from a guilty plea allegedly rendered involuntary by counsel's deficient performance, a petitioner must establish that counsel's performance was objectively unreasonable and that, but for counsel's erroneous advice, he would not have pleaded guilty"). "This test is 'highly deferential' to counsel and presumes reasonable judgment and effective trial strategy." *Hays v. United States*, 397 F.3d 564, 568 (7th Cir. 2006) (quoting *United States v. Scanga*, 225 F.3d 780, 783–84 (7th Cir. 2000)).

The Defendant seems to believe that he had an absolute right to appeal this Court's adverse ruling on his motion to suppress, and that his counsel should not have procured a plea agreement that waived his right to appeal. "[T]he right to appeal is a statutory right, and like other rights—even constitutional rights—which a defendant may waive, it can be waived in a

8

plea agreement." *Woolley*, 123 F.3d at 631–32. "The plea bargaining process necessarily exerts pressure on defendants to plead guilty and to abandon a series of fundamental rights." *United States v. Mezzanatto*, 513 U.S. 196, 210 (1995). Further, the Defendant has not presented any evidence that the Government was willing to offer a plea agreement with the terms he desired. In fact, he stated in his Memorandum that Attorney Arata told him that the Government would not agree to a conditional plea. The Government's Response echoes this, arguing that the offered plea did not include a conditional aspect because the Defendant was getting a reduction in his sentence. A prosecutor has no obligation to offer a defendant a plea agreement. *United States v. Hall*, 212 F.3d 1016, 1022 (7th Cir. 2000). "[T]he successful negotiation of a plea agreement involves factors beyond the control of counsel, including . . . the cooperation of the prosecutor, who has no obligation to offer such an agreement." *Id.* (denying a claim of ineffective assistance of counsel based on defense counsel's failure to procure a plea agreement). This same principle applies to the successful negotiation of a conditional plea agreement. *See id.* (citing unpublished case from the Tenth Circuit for the proposition that "the ability to obtain a conditional plea agreement was beyond [counsel's] control" because "negotiating such a plea would require the cooperation of both the government and the district court—neither of which have any obligation in that regard"); Fed. R. Crim. P. 11(a)(2) (stating that a defendant may enter a conditional plea of guilty "[w]ith the consent of the court and the government"); *see also Elizalde-Adame v. United States*, 56 Fed. Appx. 279, 280 (7th Cir. 2003) (stating that "[n]o lawyer, no matter how diligent, can *ensure* that a guilty plea reserves the right to appeal some antecedent decision" because conditional pleas require the consent of the judge and the prosecutor). There is no evidence that what the Defendant seeks here—the same favorable terms he received in the Plea

9

Agreement he signed plus the option of presenting a potentially case-ending appeal—were available to him. Because there is no evidence that the prosecutor would have offered a conditional plea, the Defendant cannot show that his counsel was ineffective for failing to secure such a deal. Counsel cannot be faulted for failing to achieve the impossible.[1]

It bears noting that the Defendant, if he did not like the terms of the Plea Agreement, was not required to sign it. Yet he did so knowingly and voluntarily. The Defendant always retained the choice to proceed to trial and appeal the adverse ruling if convicted. He simply does not like the outcome of a difficult situation and the limited choices available to him. Accordingly, even if the Defendant could show defective performance by counsel, he would fail on the prejudice prong of the *Strickland* analysis. "The prejudice component focuses on whether counsel's constitutionally deficient performance affected the outcome of the plea process. It requires the defendant to 'show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded and would have insisted on going to trial.'" *United States v. Cieslowski*, 410 F.3d 353, 359 (7th Cir. 2005) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). The Defendant accepted a plea deal that was not conditional on his right to appeal the Court's denial of his motion to suppress. Thus, the Defendant cannot argue that he would have gone to trial without a conditional plea deal, because he accepted an unconditional plea deal. His complaint is that he should be allowed to enter a plea of guilty (and obtain the benefits of his Plea Agreement) and still be able to appeal the Court's denial of his motion to suppress. This is not the same as saying

---

[1] If the Defendant's claim that his attorney provided ineffective assistance when he allowed him to plead guilty to Counts 1 and 2 instead of Counts 1 and 3 is not considered barred by the waiver, it would fail for the same reasons that doom his claim regarding a conditional plea. There is no evidence in the record that the Government would have offered such a plea agreement.

that but for the allegedly deficient plea agreement he would have gone to trial. Accordingly, the Defendant has not demonstrated prejudice so as to support the second prong of the *Strickland* analysis.

**CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). Where the district court has rejected the constitutional claim on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. A defendant is not required to show that he will ultimately succeed on appeal. *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003) (stating that the question is the "debatability of the underlying constitutional claim, not the resolution of that debate"). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the

11

petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should issue. Additional argument is not necessary here because no reasonable jurist could conclude that the Defendant did not knowingly and voluntarily plead guilty pursuant to a Plea Agreement that contained an express waiver of the right to collaterally attack his conviction or sentence. In addition, no reasonable jurist could conclude that the Court's assessment of the Sixth Amendment claim was debatable or wrong regarding the negotiation of a conditional plea agreement. The Court will not issue the Defendant a certificate of appealability.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 90], and declines to issue a certificate of appealability.

SO ORDERED on June 15, 2011.

    s/ Theresa L. Springmann  
    THERESA L. SPRINGMANN  
    UNITED STATES DISTRICT COURT